FILED

2025 Mar-11  PM 02:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| RODERICK HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  2:24-cv-00153-JHE |
| | ) | |
| STANDARD GUARANTY INSURANCE | ) | |
| COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER[1]

Proceeding *pro se*, Plaintiff Roderick Harris ("Mr. Harris") brings claims on behalf of the Estate of Martha C. Harris [2] against Defendants Standard Guaranty Insurance Company ("Standard"), Crawford & Company ("Crawford"), and Wells Fargo Bank, N.A. ("Wells Fargo"), alleging "breach of contract, negligence, bad faith, conversion, conspiracy, fraud, and corruption." (Doc. 1).  Crawford has moved to dismiss Mr. Harris's complaint as an impermissible shotgun pleading and for failure to state a claim (doc. 7), and Wells Fargo has moved for summary judgment (doc. 28).  Both motions are fully briefed.  (Docs. 7, 16, 18 & 26[3] (Crawford Motion);

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment.  (Doc. 21).

[2] Mr. Harris is the administrator of the Estate.  (*See* doc. 1).  Even though the claims raised in this case are the Estate's and not Mr. Harris's, this memorandum opinion does not generally distinguish between the two.

[3] Crawford has moved to strike doc. 26 on the basis that it is a second response filed without leave of court.  (Doc. 27).  Because nothing in doc. 26 changes the analysis below, Crawford's motion to strike is **DENIED**.

docs. 29, 33 & 38 (Wells Fargo Motion)).  For the reasons discussed below, the motion to dismiss and motion for summary judgment are **GRANTED**.[4]

## I. Legal Standards

### A. Motion to Dismiss

#### 1. Shotgun Pleading

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 10(b) further provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"  *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).  A shotgun pleading "fail[s] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Id.* at 1323.  This may be because it adopts the allegations of all preceding

---

[4] All three Defendants have also moved to enjoin Mr. Harris from future filings without court approval.  (Doc. 36).  That motion is fully briefed as well.  (Docs. 36, 39 & 40).  Although the undersigned magistrate judge exercises dispositive jurisdiction in this case under 28 U.S.C. § 636(c) with the consent of the parties (doc. 21), the undersigned doubts that jurisdiction under § 636(c) extends to controlling the full district court's docket in the manner Defendants request. *See Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 819 (4th Cir. 2004) (on appeal of prefiling injunction entered by magistrate judge, expressing doubts as to magistrate judge's authority to enter the injunction but declining to decide the issue).  Accordingly, that motion is **DENIED**. However, Mr. Harris should not interpret that denial as an invitation to continue filing lawsuits asserting claims that have previously been dismissed.  Defendants' motion appropriately puts Mr. Harris on notice that he may face sanctions in the future if he continues to file similar lawsuits.  If Mr. Harris does file such a lawsuit, the next judge who considers Mr. Harris's claims will have the benefit of knowing that Mr. Harris has been warned that it is inappropriate to do so.

counts into each new count (Type I); it states conclusory, vague, and immaterial facts not relevant to the claims raised (Type II); it does not separate each cause of action or claim for relief into different counts (Type III); or it does not specify which of the multiple defendants are responsible for which acts or claims (Type IV). *Id.* at 1321–23. "A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland*, 792 F.3d at 1320).

### 2. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

To that end, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678

3

(citing *Twombly*, 550 U.S. at 555).  Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient.  *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (citing *Twombly*, 550 U.S. at 557).  Further, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  FED. R. CIV. P. 9(b).  "[A] plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them."  *U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002) (internal quotation marks omitted).  "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  FED. R. CIV. P. 9(b).

The court accepts all factual allegations in the complaint as true on a motion to dismiss under Rule 12(b)(6).  *See, e.g., Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).  However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *Iqbal*, 556 U.S. at 678.

### B. Motion for Summary Judgment

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of proving the absence of a genuine issue of material fact.  *Id.* at 323.

The burden then shifts to the nonmoving party, who is required to "go beyond the pleadings" to establish there is a "genuine issue for trial." *Id.* at 324. (citation and internal quotation marks omitted). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Court must construe the evidence and all reasonable inferences arising from it in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, (1970); *see also Anderson*, 477 U.S. at 255 (all justifiable inferences must be drawn in the non-moving party's favor). Any factual disputes will be resolved in Plaintiff's favor when sufficient competent evidence supports Plaintiff's version of the disputed facts. *See Pace v. Capobianco*, 283 F.3d 1275, 1276–78 (11th Cir. 2002) (a court is not required to resolve disputes in the non-moving party's favor when that party's version of the events is supported by insufficient evidence). However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam) (citing *Bald Mtn. Park, Ltd. v. Oliver*, 836 F.2d 1560, 1563 (11th Cir. 1989)). Moreover, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 252).

## II. Facts and Procedural History[5]

According to the complaint, "[t]his is the third filing of this lawsuit." (Doc. 1 at 6). Mr. Harris points to the following previous "unresolved lawsuits": *Harris v. Standard Guaranty Ins.*, Case No. 2:20-cv-00335-SLB (N.D. Ala.) ("*Harris I*"); and *Estate of Martha C. Harris v. Wells Fargo Bank, N.A. et al.*, Case No. 2:23-cv-00173-AMM (N.D. Ala.) ("*Harris II*"). (*Id.*). Mr. Harris includes no facts in his complaint but states that Defendants are liable for "breach of contract, negligence, bad faith, conversion, conspiracy, fraud, and corruption." (*Id.*). Mr. Harris also takes issue with "a Federal Court Mediator" who "engaged in corruption and conspired with the Defendants by issuing a void order which violated the Plaintiff's Constitutional and Civil rights." (*Id.*).

Piecing the facts together from Plaintiff's filings and the dockets in Mr. Harris's previous federal cases, the following procedural history has led up to this point.

---

[5] Although Wells Fargo seeks summary judgment on several distinct grounds, the undersigned only considers one: that Mr. Harris's claims are barred by *res judicata*. (*See* doc. 29 at 18-21). Accordingly, the material facts in this section concern only Mr. Harris's previous litigation. As requested by Wells Fargo (doc. 29 at 3 n.1), the undersigned takes judicial notice of the dockets in those previous cases. *See* FED. R. EVID. 201(b)(2) (permitting a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651 (11th Cir. 2020). Specifically, those cases are: (1) *Estate of Martha C. Harris v. Standard Guaranty Insurance*, Case No. 01-cv-2020-29 (Jefferson County Cir. Ct. Feb. 6, 2020) (the complaint of which is docketed in support of Wells Fargo's motion as doc. 30-1); (2) *Harris v. Standard Guaranty Ins.*, Case No. 2:20-cv-00335-SLB (N.D. Ala. March 12, 2020) the continuation of the state case after removal to federal court); and (3) *Estate of Martha C. Harris v. Wells Fargo Bank, N.A. et al.*, Case No. 2:23-cv-00173-AMM (N.D. Ala. Feb. 10, 2023). The undersigned notes that, as discussed below, these cases are central to the claims Mr. Harris raises.

### A. *Harris I*

Mr. Harris is the Administrator of the Estate of Martha C. Harris.  (*See* doc. 1).  In that capacity, but proceeding *pro se*, Mr. Harris brought claims against Wells Fargo, Crawford, and Standard on February 6, 2020, in the Circuit Court of Jefferson County, Alabama.[6]  (Doc. 30-1); *Harris I*, doc. 1-1.  Mr. Harris alleged the defendants "are engaged in negligence, bad faith practices, fraud, and breach of contract" and that the defendants "are working together to deprive the Estate of insurance proceeds; and to unlawfully take possession of property the Estate owns and has an interest in."  (Doc. 30-1 at 2).

Specifically, the complaint stated that Ms. Harris died from injuries she suffered in an accidental house fire at 417 Kim Drive (the "Property") in February 2018.  (*Id.* at 2).  In June 2018, Standard, which provided lenders insurance procured by Wells Fargo and paid by Ms. Harris, sent an adjuster from Crawford to appraise the damage to the Property.  (*Id.* at 3–4).  Mr. Harris alleged that the adjuster submitted a fraudulent report to Standard; based on that report, Standard issued a check compensating Mr. Harris for only a fraction of the damage to the Property.  (*Id.* at 3).  Despite Mr. Harris's efforts, neither Standard nor Wells Fargo would work with Mr. Harris to resolve that issue.  (*Id.*).  The issues ultimately resulted in Wells Fargo auctioning the Property.  (*Id.* at 3–4).  Through the state action, Mr. Harris attempted to recover the remainder of the insurance proceeds in addition to other damages.  (*Id.* at 4).

---

[6] The complaint in state court originally named "Wells Fargo Mortgage Company" as a defendant.  (*See* doc. 30-1).  When Wells Fargo eventually appeared after the case was removed to federal court, it did so as "Wells Fargo Bank, N.A." (i.e., the same entity named in this case). *See Harris I*, doc. 23.

On March 12, 2020, Standard removed the state action to this court.  *Harris I*, doc. 1.  The case was eventually assigned to United States District Judge Anna M. Manasco.[7]  *Id.*, doc. 29. After some motion practice, Judge Manasco ordered the case to mediation with Senior United States District Judge Sharon L. Blackburn on July 27, 2020.  *Id.*, doc. 54.  As part of the mediation process, Judge Blackburn appointed *pro bono* counsel for Mr. Harris.  *Id.*, doc. 55.  Attorney Mickey Jansen Voss entered a notice of appearance for Mr. Harris on August 19, 2020.  *Id.*, doc. 56.  With Mr. Harris now represented by Attorney Voss, the parties mediated the case on September 23, 2020.  *Id.*, doc. 57.  The case settled at mediation, and on September 28, 2020, Judge Manasco reassigned the case to Judge Blackburn "for the conclusion of the proceedings." *Id.*, doc. 67.

On October 30, 2020, Standard moved to enforce the settlement agreement.  (Doc. 30-4); *Harris I*, doc. 67.  In support, it noted that the settlement had been confirmed on the record with a court reporter, including Mr. Harris's agreement with the settlement's terms.  (*Id.* at 3).  However, it contended that Mr. Harris had informed Attorney Voss that Mr. Harris no longer intended to go through with the settlement and that Attorney Voss intended to withdraw as counsel.  (*Id.* at 3–4). Mr. Harris responded, attempting to repudiate the settlement for a variety of reasons: Mr. Harris's desire to sue other parties, the defendants' alleged failure to honor the agreement by timely

---

[7] The case was originally assigned to United States Magistrate Judge John E. Ott.  *See Harris I*, doc. 5.  The parties did not unanimously consent to magistrate judge jurisdiction, so on May 5, 2020, the case was reassigned to United States District Judge Abdul K. Kallon.  *Id.*, doc. 18.  The case was reassigned to Judge Manasco on June 3, 2020.  *Id.*, doc. 29.  Although Mr. Harris states this was done "for no apparent reason," the reassignment was presumably as part of establishing Judge Manasco's initial docket; she received her judicial commission on May 27, 2020.

depositing money, and Mr. Harris's dissatisfaction with the amount of the settlement. *Harris I*, doc. 73.

Following a hearing, Judge Blackburn entered a memorandum opinion and an order granting the motion to enforce the settlement. (Docs. 30-5 & 30-6); *Harris I*, docs. 77 & 78. By this point, Attorney Voss had withdrawn and Mr. Harris was again proceeding *pro se*. (Doc. 30-5 at 5). In the memorandum opinion, Judge Blackburn highlighted the following exchange from the conclusion of mediation:

> THE COURT:    All right. Anything else that you would like to put on the record?
> Mr. Harris, is there anything you would like to put on the record?
> Are the terms as stated your understanding of the settlement in this
> case?
>
> MR. HARRIS:    Yes.
>
> THE COURT:    And, obviously, after all of this has been accomplished and the
> settlement agreements have been signed and checks delivered, Mr.
> Harris, you will file—need to file a motion to dismiss this case and
> all claims with prejudice. And what that means is you can't ever
> bring any claims related to this matter again in any form, in any
> other court. And one thing I think—I'm not sure we said it—this
> claim encompassed—I mean this settlement encompasses any
> claims that might relate to the vehicles and the other equipment
> that was on your property that was picked up by—I forget the
> name of the company—Precise or—by a towing company and
> sold. This settlement encompasses any claims you might have for
> conversion or anything related to that, to those items, any other
> vehicles, anything. Do you understand that?
>
> MR. HARRIS:    Yes, ma'am.
>
> [ . . . ]
>
> MR. MANLEY [attorney for Defendant Wells Fargo Companies]:
> So Mr. Voss just pointed out that Mr. Harris is not a party to the
> lawsuit. He's—the estate is the party, and he's brought the lawsuit
> on behalf of the estate as the representative of the estate. And my
> point was: He would need to sign the settlement agreement, both

|              | on behalf of the estate and on behalf of himself due to the removal of the equipment from the property and resolving all those claims. |
|--------------|----|
| MR. VOSS:    | And in fairness to the defendants, I wanted to bring that up and make that point abundantly clear that he understands that he is releasing his individual claims. You understand that, right? |
| MR. HARRIS:  | Yes. |
| MR. VOSS:    | And you are releasing— |
| THE COURT:   | And Mr. Harris said yes. I'm not sure if you could hear that. Go ahead. |
| MR. VOSS:    | And you are releasing all of the claims that the estate has? |
| MR. HARRIS:  | Yes. |

(*Id.* at 4–5) (citing *Harris I*, doc. 74 at 6–9).

Based on her presence at the mediation and the evidence taken at the hearing on the motion to enforce, Judge Blackburn found that "the bare bones of everything in the proposed confidential settlement agreement and release—with the exception of an indemnification provision—had been discussed on the record at mediation" and that Mr. Harris had "clearly understood" those terms—including that he was waiving all future claims. (Doc. 30-5 at 6–8). Judge Blackburn also found Mr. Harris's contention that the defendants breached the settlement agreement by failing to timely pay funds was meritless. (*Id.* at 9). Accordingly, Judge Blackburn dismissed the case with prejudice on February 12, 2021.[8] (*Id.* at 10; doc. 30-6).

_____

[8] Judge Blackburn also ordered additional relief. Specifically, she provided directions for paying the monetary component of the settlement, ordered Wells Fargo to quitclaim the Property to the Estate, and provided for the disposition of two vehicles. (Doc. 30-5 at 10). Wells Fargo has provided the Declaration of Reid S. Manley in support of its motion for summary judgment, supporting that the quitclaim deed was executed on April 27, 2021, and recorded on May 5, 2021, and that the vehicles were ultimately towed to the Property. (Doc. 30-3). It appears from the

Mr. Harris did not appeal that dismissal or any other order in *Harris I*.

### B. Harris II[9]

On February 10, 2023, Mr. Harris filed *Harris II* on behalf of the Estate, naming as defendants the same three defendants from *Harris I*: Standard, Crawford, and Wells Fargo.  (Doc. 30-10); *Harris II*, doc. 1. Mr. Harris asserted the same general causes of action from *Harris I*: breach of contract, negligence, bad faith, conspiracy, and fraud.  (Doc. 30-10 at 8).  Specifically, Mr. Harris asserted that the defendants had failed to perform on the settlement agreement and that he "has been forced to file this lawsuit in an attempt to persuade Defendants to honor their contract agreement and to secure the return of all property and compensation."  (*Id.*).  Mr. Harris also "request[ed] this case be brought to the attention of the Chief Judge of this court, so it may be examined for possible criminal law violations and corruption by Federal Court Officers/Employees and Private Legal Professionals/Officers and to determine if this case should be referred to the U.S. Attorney's Office for investigation."  (*Id.*).

Standard moved to dismiss Mr. Harris's claims, *Harris II*, doc. 9, and Crawford and Wells Fargo both moved for summary judgment, *id.*, docs. 11 & 18.  Each defendant contended that it

---

*Harris I* docket that Mr. Harris failed to direct the defendants as to where the monetary component should be deposited, so the defendants deposited it into the court's registry.  *Harris I*, docs. 79, 80, 81 & 82.  The undersigned has confirmed with the Clerk of Court's office that $109,000.00 plus accrued interest remains in the court's registry—presumably waiting for Mr. Harris to claim it.

[9] Between the dismissal of *Harris I* and the filing of *Harris II*, Mr. Harris filed a lawsuit in the Circuit Court of Jefferson County, Alabama: *Roderick Harris v. Perfect Choice Towing*, Case No. 01-cv-2022-901954 (Jefferson County Cir. Ct. July 5, 2022).  Wells Fargo has attached several documents from the state court docket to its motion for summary judgment.  In that case, Mr. Harris sued Perfect Choice Towing ("Perfect Choice"), Baty Contracting, Inc., Brookstone Mgt., and Wells Fargo, raising conversion claims.  (*See* doc. 30-7).  The ultimate outcome of that case is not clear from the record in this case, but the state court granted summary judgment in favor of Wells Fargo and Perfect Choice on October 24, 2022.  (Doc. 30-8).

had performed its obligations under the settlement agreement in *Harris I* and that the settlement agreement now barred Mr. Harris from relitigating the claims he previously raised.

After converting Standard's motion to dismiss to a motion for summary judgment, *see id.* doc. 25, Judge Manasco determined that the defendants had complied with the terms of the settlement agreement.  Specifically, Judge Manasco found that "[a]ll defendants have provided evidence that the settlement agreement is enforceable . . . that Mr. Harris and the Estate released the defendants from all possible claims related to the matter . . . and that the defendants complied with the terms of the settlement agreement."[10]  (Doc. 30-11 at 8).  By contrast, Mr. Harris provided no evidence to support that he had not received compensation from the settlement agreement.  (*Id.* at 8).

Rather than dispute that the defendants had performed under the settlement agreement, Mr. Harris challenged the agreement's validity on the basis that the settlement agreement "is unsigned, that it is unconscionable, that it violates various provisions of the Alabama Code, and that the mediation was improper."  (*Id.* at 8-9).  Judge Manasco found that Mr. Harris's failure to appeal Judge Blackburn's order granting the motion to enforce the settlement agreement barred Mr. Harris from challenging the settlement process or the agreement.  (*Id.* at 9).  And even if they were properly raised in *Harris II*, Judge Manasco found Mr. Harris's arguments meritless.  (*Id.* at 9-10).  Accordingly, she granted summary judgment in favor of all three defendants.  (*Id.* at 10-11).

---

[10] Judge Manasco determined that, notwithstanding the fact that the Estate was the only plaintiff named in the complaint, Mr. Harris asserted claims on his own behalf.  (Doc. 30-11 at 2-3, n.1).  Therefore, she treated both the Estate and Mr. Harris as plaintiffs.  (*Id.*).

### III. Analysis

In its motion to dismiss, Crawford contends that (1) Mr. Harris's complaint is a shotgun pleading and (2) Mr. Harris's complaint fails to state a claim.  (*See* doc. 7).  Wells Fargo's motion for summary judgment attacks Mr. Harris's claims on several grounds, one of which is that they are barred by *res judicata*.  (*See* doc. 29 at 17-19).  The undersigned finds both grounds Crawford raises support dismissal of Mr. Harris's claims against it and that *res judicata* bars Mr. Harris's claims against Wells Fargo.[11]

### A. Motion to Dismiss

### 1. Mr. Harris's Complaint Is a Shotgun Pleading

Crawford argues Mr. Harris's complaint is a Type III shotgun pleading.  (Doc. 7).  To recap, a Type III shotgun pleading is a complaint that does not separate each cause of action or claim for relief into different counts.  *Weiland*, 792 F.3d at 1322-23.  The undersigned agrees.

There are no facts in the complaint, only a brief statement that Mr. Harris "alleges breach of contract, negligence, bad faith, conversion, conspiracy, fraud, and corruption."  (Doc. 1 at 6).  None of those causes of action are separated into different counts.  This cannot put Crawford on notice of what it has allegedly done to Mr. Harris.  Only familiarity with Mr. Harris's previous claims via his statement that "[t]his is the third filing of this lawsuit" and his references to *Harris I* and *Harris II* appears to explain Crawford's presence in this case.  Mr. Harris cannot incorporate

---

[11] The same reasoning that supports dismissal of Mr. Harris's claims against Crawford and summary judgment as to Mr. Harris's claims against Wells Fargo appears to apply to Mr. Harris's claims against Standard.  However, despite its contention that it intended to do so (*see* doc. 22 at 4), Standard has not moved for summary judgment or dismissal.

other cases into the complaint in this case.  Even if he could do so, that would not help to separate the causes of action.

Mr. Harris's response does not offer any substantive defense of his complaint.  (Doc. 16).  Instead, Mr. Harris outlines various violations that do not appear and/or are not explained anywhere in the complaint:

> (1) Constitutional rights violations (Fifth & Seventh Amendments protections - property rights, due process rights, and jury trial rights); (2) Civil rights violations (Civil Rights Act of 1964, PUBLIC LAW 88–352, race discrimination protections, unfair treatment); (3) Fraud (18 U.S.C. SECTIONS 1341, 47, 1017, 1021, deprivation of material property and economic resources violations); (4) Conspiracy (18 U.S.C. SECTIONS 241, 1038, fraudulent misrepresentation of facts and evidence); (5) Corruption (18 U.S.C. SECTIONS 242,201, abuse and misuse of power, unauthorized creation of inadmissible evidence, preferential treatment to some); (6) United States District Court Northern District of Alabama, Alternative Dispute Resolution Plan; (7) Alabama Center for Dispute Resolution, Court Alternative Dispute Resolution.

(*Id.* at 2).  Mr. Harris then explains the procedural history of his previous cases and his issues with what transpired in those cases.  (*Id.* at 2–7).  But Mr. Harris does not argue in any sense that his complaint is not a shotgun complaint—nor could he.  And Mr. Harris cannot amend his complaint in a response to a motion to dismiss. *See Jallali v. Nova Se. Univ., Inc.*, 486 F. App'x 765, 767 (11th Cir. 2012) (citing *Fin. Sec. Assur., Inc. v. Stephens, Inc.,* 500 F.3d 1276, 1284 (11th Cir. 2007)) ("[A] party cannot amend a complaint by attaching documents to a response to a motion to dismiss."); *Sims v. Chase Home Fin., LLC*, No. 4:11-CV-0121-HLM, 2011 WL 13176725, at *5 n.5 (N.D. Ga. Aug. 30, 2011), *aff'd,* 471 F. App'x 877 (11th Cir. 2012) (noting that a party "cannot

amend [a complaint] through statements contained in a brief"). Accordingly, Mr. Harris's complaint is subject to dismissal as a shotgun pleading.[12]

### 2. Mr. Harris's Complaint Fails to State a Claim

In addition to being a shotgun pleading, Mr. Harris's complaint fails to state a claim. As discussed above, Mr. Harris's complaint contains no facts at all. Therefore, it necessarily fails to state a claim as to any of the various causes of action contained in it: again, "breach of contract, negligence, bad faith, conversion, conspiracy, fraud, and corruption."[13]

Ordinarily, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (quoting *Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir. 1991)). However, leave to amend is not required when (1) "the district court has a clear indication that the plaintiff does not want to amend his complaint," or (2) "a more carefully drafted complaint could not state a claim." *Id.* (quoting *Bank*, 928 F.2d at 1112). Here, the undersigned finds it would be futile to allow Mr. Harris to amend because any amended complaint would also fail to state a claim. As discussed below in the context of Wells Fargo's motion for summary judgment, Mr. Harris's claims are barred by *res judicata*.

-------------------

[12] "In the special circumstance of non-merits dismissals on shotgun pleading grounds," the Eleventh Circuit generally requires "district courts to sua sponte allow a litigant one chance to remedy such deficiencies." *Id.* However, as explained below, Mr. Harris's claims against Crawford are due to be dismissed on the merits as well.

[13] Crawford's reply brief sets out the elements for these causes of action except "corruption," which it correctly notes is not a cause of action. (Doc. 18 at 2-6). It is unnecessary to discuss the elements of each cause of action here because, again, there are no facts in the complaint to compare to those elements.

**B. Motion for Summary Judgment**

Among other things, Wells Fargo contends Mr. Harris's claims are barred by the doctrine of *res judicata*. (Doc. 29 at 17-19). *Res judicata*, or claim preclusion, "bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). The doctrine promotes the finality of judgments by preventing a plaintiff from "relitigating [claims extinguished in the judgment] against the same defendant." *Akanthos Cap. Mgmt., LLC v. Atlanticus Holdings Corp.*, 734 F.3d 1269, 1271 (11th Cir. 2013).

"When determining whether claim preclusion is appropriate, federal courts employ the law of the state in which they sit." *Burr & Forman v. Blair*, 470 F.3d 1019, 1030 (11th Cir. 2006). "Under Alabama law, the essential elements of res judicata are: (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits. If all these elements are met, any claim that was or could have been adjudicated in the previous action is precluded." *Id.* (cleaned up).[14]

Mr. Harris makes no effort in his response to contest any of the four *res judicata* elements. Instead, his entire response is focused on what he contends are procedural improprieties in the previous proceedings. For example, he states that *res judicata* is irrelevant because "this lawsuit was filed to address constitutional and civil violations and to resolve the dispute related to [*Harris*

---

[14] The federal common law *res judicata* elements are virtually identical to those under Alabama law. *See Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (quoting *Ragsdale v. Rubbermaid, Inc.,* 193 F.3d 1235, 1238 (11th Cir. 1999)) ("[A] claim is precluded by prior litigation if: '(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases.'").

*I*]." (Doc. 33 at 4). Mr. Harris also objects to Judge Manasco's opinion because she "demonstrated bias towards the Plaintiff" and contends that Judge Manasco's actions violated his constitutional rights. (*Id.* at 5, 15-16). But Mr. Harris may not appeal Judge Blackburn's or Manasco's decisions or actions by filing a new civil case.[15] *See* FED. R. APP. P. 3(a)(1) ("An appeal permitted by law as of right from a district court to a court of appeals may be taken **only** by filing a notice of appeal with the district clerk within the time allowed by Rule 4") (emphasis added).

It is clear that the judgments in *Harris I* and *Harris II* bar Mr. Harris's claims. First, notwithstanding Mr. Harris's statement that the cases are "unresolved" (doc. 1 at 6), there is no question that Judges Blackburn and Manasco rendered final judgments on the merits when they dismissed Mr. Harris's claims with prejudice (*see* docs. 30-6 & 30-12). *See Smith v. Union Bank & Trust Co.*, 653 So. 2d 933, 935 (Ala. 1995); *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001). Nor is there a question that the United States District Court for the Northern District of Alabama is a court of competent jurisdiction. And the parties in this action are identical to those in *Harris I* and *Harris II*: Mr. Harris (as the Estate's administrator), Standard, Crawford, and Wells Fargo. The only remaining question is whether the causes of action are the same.

---

[15] The undersigned notes that *Harris II* is currently on appeal in the Eleventh Circuit. *See Martha C. Harris v. Wells Fargo Bank, N.A.*, Case No. 24-11138 (11th Cir.). Even if it were appropriate for Mr. Harris to raise a challenge to the judgment in *Harris II* through a separate civil action, this court has no jurisdiction over that judgment given Mr. Harris's appeal. *Doe v. Bush*, 261 F.3d 1037, 1064 (11th Cir. 2001) ("The filing of a notice of appeal divests the district court of jurisdiction over those aspects of the case that are the subject of the appeal."). For the same reason, this court has no jurisdiction over Mr. Harris's complaints about the way Judge Manasco handled *Harris II*.

17

When determining whether a cause of action is the same for *res judicata* purposes, the question is not whether the claims are identical. *See Old Republic Ins. Co. v. Lanier*, 790 So. 2d 922, 928-29 (Ala. 2000)). "*Res judicata* applies not only to the *exact legal theories* advanced in the prior case, but to *all legal theories and claims* arising out of the same nucleus of operative facts." *Id.* (quoting *Wesch v. Folsom,* 6 F.3d 1465, 1471 (11th Cir. 1993)) (emphasis added in *Lanier*).

Mr. Harris's references in his complaint to *Harris I* and *Harris II* along with his acknowledgement that this is the "third filing of this lawsuit" demonstrates that this lawsuit arises out of the same nucleus of operative facts as the previous two actions. A review of Mr. Harris's response to the motion for summary judgment supports that reading. Again, the only actual claims in the complaint are for "breach of contract, negligence, bad faith, conversion, conspiracy, fraud, and corruption." (Doc. 1 at 6). Mr. Harris states that: (1) his negligence and breach of contract claims are founded on the way Defendants handled the resolution of the fire damage claim (doc. 33 at 7–8); (2) his fraud claim relates to the allegedly false damage report (*id.* at 8); (3) his bad faith claim is related to Defendants' withholding of insurance funds (*id.* at 8–9); and (4) Defendants conspired together and were unjustly enriched by their activities (*id.* at 9). In other words, Mr. Harris reasserts the same claims he raised in *Harris I* related to the aftermath of the 2018 fire at the Property. [16] As noted above, Judge Blackburn dismissed those claims with prejudice in *Harris*

---

[16] A potential wrinkle here as to the judgment in *Harris I* is that it was predicated on a settlement agreement. "Where the parties consent to . . . dismissal based on a settlement agreement . . . the principles of res judicata apply (in a somewhat modified form) to the matters specified in the settlement agreement, rather than the original complaint." *Norfolk Southern Corp. v. Chevron, U.S.A., Inc.,* 371 F.3d 1285, 1288 (11th Cir. 2004). This is because "[a] judgment dismissing an action with prejudice based upon the parties' stipulation, unlike a judgment imposed

*I*. (Doc. 30-6).  And Judge Manasco determined in *Harris II* that Mr. Harris released those claims

through a binding settlement agreement.  (*See* doc. 30-11 at 8, 10-11).  Therefore, whether through

the judgment in *Harris I* or the judgment in *Harris II*, *res judicata* bars the claims for breach of

contract, negligence, bad faith, conversion, conspiracy, and fraud.

To the extent that Mr. Harris's reference to corruption concerns the conduct of the

mediation, the settlement agreement, or the settlement agreement's enforceability, Judge Manasco

disposed of any such claims in *Harris II*.[17]  As stated above, Judge Manasco found that Mr.

Harris's failure to appeal Judge Blackburn's order on the motion to enforce the settlement barred

him from raising any challenges to "the settlement process or the settlement agreement."  (Doc.

---

at the end of an adversarial proceeding, receives its legitimating force from the fact that the parties
consented to it." *Id*.  "In determining the res judicata effect of an order of dismissal based upon a
settlement agreement" a court should "attempt to effectuate the parties' intent . . . [t]he best
evidence of [which is] the settlement agreement itself.  *Id*. at 1289.

Mr. Harris, of course, denies that the settlement agreement binds him.  To the extent that it
does, though, the undersigned notes that the agreement is under seal in *Harris I*.  *Harris I*, doc. 71.
That said, Mr. Harris has attached a copy of a version of the agreement as Exhibit B to his response
to Crawford's motion to dismiss.  (Doc. 16-2).  The undersigned has reviewed both documents.
Mr. Harris's public version of the document contains a release identical to the release in the final
sealed settlement agreement—the document that Judges Blackburn and Manasco found binding.
The settlement agreement releases "any and all past, present, or future Claims, whatsoever,
whether such Claims are known or unknown, foreseen or unforeseen, developed or undeveloped,
discoverable or presently incapable of being discovered, relating in any way to any act or omission
that occurred or should have occurred on or before the Date of this Release, including, but not
limited to: (a) all Claims asserted in the Lawsuit; (b) all Claims that could have been asserted in
the Lawsuit or in any other lawsuit, complaint in equity, or state or federal agency or administrative
proceeding; (c) all Claims under the Certificate, and (d) all Claims arising out of any actual or
alleged contractual relationship, express or implied, between Plaintiff and any of the Defendants."
(*Id*. at 5-6).  In other words, the release in the settlement agreement is significantly broader than
the claims in the *Harris I* complaint and necessarily encompasses those claims.

[17] In addition to the claims asserted by Mr. Harris for the Estate, the judgment in *Harris II*
bars any claims that Mr. Harris arguably asserts on his own behalf.  (*See* doc. 30-11 at 2-3, n.1).

19

30-11 at 9).  And even if Mr. Harris could raise such a challenge, Judge Manasco found it would

be meritless:

> Assuming *arguendo* that Mr. Harris could challenge the validity or enforceability
> of the settlement agreement, that challenge would fail. Under Alabama law, courts
> construe settlement agreements as a contract, *Jones v. Bullington*, 401 So. 2d 740,
> 741 (Ala. 1981), and "[i]t is well settled that whether parties have entered a contract
> is determined by reference to the reasonable meaning of the parties' external and
> objective actions." *SGB Constr. Servs., Inc. v. Ray Sumlin Constr. Co.*, 644 So. 2d
> 892, 895 (Ala. 1994).
>
> Judge Blackburn correctly reasoned that Mr. Harris's actions manifested his and
> the Estate's assent to the terms of the settlement agreement. "[T]he
> court . . . explained that Mr. Harris was waiving all claims related to this matter—
> including claims related to any vehicles or other property—and Mr. Harris stated
> that he understood." Doc. 11-2 at 9. And "Mr. Harris confirmed on the record that
> he understood that he was releasing all of his claims and all claims on behalf of the
> estate." *Id.* These actions—namely, the multiple confirmations on the record that
> Mr. Harris understood and agreed to the terms of the settlement—demonstrated
> objective assent to its terms.
>
> In the light of those objective manifestations of assent, it is irrelevant that Mr.
> Harris alleges that he did not sign the settlement agreement. "Unless required by a
> statute to be in writing, a contract does not have to be signed to be enforceable, so
> long as it is accepted and acted upon." *Lanier Worldwide, Inc. v. Clouse*, 875 So.
> 2d 292, 296 (Ala. 2003). None of the statutes that Mr. Harris or the Estate cites
> command a different result. And to the extent that the requirement that conveyances
> of land be in writing applies to Wells Fargo's quitclaiming of property, Ala. Code
> § 35-4-20, that conveyance is in writing and is signed by the conveying party. *See*
> Doc. 18-4.
>
> Mr. Harris and the Estate further contend that the mediation was improper and that
> there should not have been a record made of the mediation proceedings. *See* Doc.
> 14 at 3. No record was made of the substance of the negotiations during the
> mediation proceedings. The court put the terms of the settlement and Mr. Harris
> and the Estate's assent to those terms on the record after the mediation proceedings
> had concluded.
>
> Mr. Harris and the Estate agreed to the settlement agreement, which released and
> barred future claims against these defendants arising from the factual basis for the
> first lawsuit. The defendants have provided uncontroverted evidence that this
> settlement agreement is enforceable, and that they complied with its terms. Mr.
> Harris and the Estate have not provided any evidence to the contrary.

(Doc. 30-11 at 8-10).

While Mr. Harris may not agree with the decisions by Judges Blackburn and Manasco, there is no question that they meet all four *res judicata* elements as to the claims Mr. Harris raises in this action.[18]  He may not relitigate those claims here.  Accordingly, Mr. Harris's claims against Wells Fargo are due to be dismissed.

### IV. Conclusion

For the reasons discussed above, Crawford's motion to dismiss (doc. 7) is **GRANTED**, and Mr. Harris's claims against Crawford are **DISMISSED WITH PREJUDICE**.  Wells Fargo's motion for summary judgment (doc. 29) is also **GRANTED**, and Mr. Harris's claims against Wells Fargo are also **DISMISSED WITH PREJUDICE**.  Mr. Harris's claims against Standard proceed.

DONE this 11th day of March, 2025.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE

---

[18] To the extent that Mr. Harris alleges that Judges Blackburn and Manasco acted improperly, he notably did not name them as defendants in this case and thus any such allegations appear to go only to the validity of the settlement agreement.  Nor could Mr. Harris bring claims against them for any of their judicial decisions for "compensatory and punitive damages" of $50 million, which is the only relief he seeks (*see* doc. 1 at 4, 6; doc. 33 at 16-17); judges are absolutely immune from suits for money damages when they have acted in their judicial capacity and without the "clear absence of all jurisdiction."  *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978)).  In any case, Mr. Harris's allegations concerning judicial conduct are not attributable to Wells Fargo (or to any of the other defendants in this case).